**19TH JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**

NUMBER _____ DIVISION "\_\_\_\_"

**CRYSTAL WILLETT**

**VERSUS**

**WOMAN'S HOSPITAL FOUNDATION**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**<u>VERIFICATION</u>**

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

    BEFORE ME, the undersigned Notary Public, personally came and appeared:

Crystal Willett

A resident of the full age of majority of East Baton Rouge Parish, State of Louisiana, who upon being duly sworn did depose and state that she is the Petitioner in the above and foregoing Petition, that she has read same, and all facts and allegations contained therein are true and correct.

_____
Crystal Willett

SWORN TO AND SUBSCRIBED before me, Notary Public, this 16 day of August, 2021.

_____
Keith Wall #39462
Notary Public

7              **EXHIBIT B**

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER _____ DIVISION "_____"

CRYSTAL WILLETT

VERSUS

WOMAN'S HOSPITAL FOUNDATION
*********************************************
**PETITION**

The Petition of Crystal Willett, a resident of the full age of majority of East Baton Rouge Parish, Louisiana, respectfully represents:

1.

Made defendant herein is Woman's Hospital Foundation hereinafter "Woman's", a non-profit Louisiana corporation authorized and actually doing business in East Baton Rouge Parish, Louisiana, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as allowed by law, liquidated damages as allowed by law, attorney fees as allowed by law, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

2.

At all times pertinent hereto, defendant Woman's was Petitioner's employer within the meaning and intent of Federal law and employed greater than five hundred (500) employees, including Petitioner. At all times pertinent hereto, Petitioner, a female, was an "employee" of defendant within the meaning and intent of Federal law.

3.

At all times pertinent hereto Petitioner was a qualified individual, who worked at least one thousand two hundred and fifty (1,250) hours of service for defendant during the previous twelve (12) month period, exercising her rights granted to her under the FMLA.

4.

In July 2003, Petitioner was hired by defendant as a Staff Registered Nurse. Throughout her seventeen (17) year career with defendant, Petitioner enjoyed exemplary evaluations, including being nominated by her employer, and ultimately chosen, as a recipient of the Daisy Award, a nationwide program recognizing nursing excellence.

5.

On January 21, 2021, while working as a triage nurse, Petitioner reported to assist coworker, Megan Cockfield, on a case involving a patient nearly full term in her pregnancy. Petitioner had never previously seen or spoken to the patient and had no idea she was considering giving her baby up for adoption.

6.

During casual conversation, the patient stated she was seeking to give her child up for adoption but had been uncomfortable with the potential adoptive parents provided to her by various adoption agencies.

7.

Petitioner stated she was currently going through the process required to become an adoptive parent. The patient then asked Petitioner if she would consider adopting her child once it was born. The father of the child, also present during our conversation, expressed his approval of the patient's inquiry and equal desire to have Petitioner adopt their child.

8.

Petitioner informed the patient she would speak with her supervisors to determine the appropriate process for pursuing an adoption under the circumstances. The patient and Petitioner then shared contact information.

9.

After completing the patient's care, Petitioner immediately contacted Elizabeth Choate, her in-house supervisor, to report her conversation with the patient and ask for advice on how to proceed. Ms. Choate informed Petitioner she was getting ready to start her shift, but would call after. Petitioner then reached out to her other in-house supervisor, Tanyl Curry, for a meeting to discuss.

10.

Ms. Curry, Ms. Choate, and Petitioner had a conference to discuss the situation. Ms. Curry congratulated Petitioner and expressed her excitement. Ms. Choate's only expressed concern was obtaining confirmation Petitioner had only met with the patient for the first time on that day. This was confirmed. Ms. Curry advised she was going to speak with the patient about how to proceed. Petitioner was later advised Social Services met with the patient at which time the patient announced Petitioner was going to adopt her baby.

2

11.

On January 22, 2021, Petitioner was contacted by the Obstetrics Department Director, Ms. Amye Reeves, and informed she was being placed on administrative leave, effective immediately, for her "inappropriate conversation" with the client. At this point, Petitioner had not had any further communication or contact with the client since the initial encounter. Ms. Reeves then inexplicitly advised Petitioner she would not be adopting the child.

12.

On January 24, 2021, the patient texted Petitioner. The patient advised Petitioner she was very nervous about what would happen to the baby when she was discharged. The patient advised Social Services had contacted her and directed her not to contact Petitioner while simultaneously pressuring for the patient to consider Catholic Services for the adoption. The patient asked Petitioner if she was still interested in adopting her child, to which Petitioner responded in the affirmative.

13.

On January 25, 2021, Petitioner contacted an adoption attorney who contacted the patient's attorney to proceed with the adoption, all at arm's length.

14.

On January 26, 2021, Petitioner was contacted by Ms. Brooke Malane and Ms. Tina Dunnington, HR representatives of defendant Woman's, and ordered to report to Human Resources for a meeting about the adoption. Present at the meeting were Ms. Malane, Dunnington, Ms. Reeves, Ms. Curry, and Petitioner.

15.

On January 28, 2021, Petitioner and her spouse signed the adoption papers. Ms. Curry called and requested Petitioner return to Human Resources on January 29, 2021, for another meeting.

16.

On January 29, 2021, Petitioner was informed she was being placed on level one (1) progressive discipline for "not managing a conversation appropriately."

3

17.

On February 2, 2021, Petitioner submitted FMLA paperwork for maternity leave to care for her newborn, which was initially approved by Human Resources representative, Ms. Sharareh Creel.

18.

On February 3, 2021, Petitioner was again contacted by HR which requested another meeting. On February 4, 2021, Petitioner arrived at HR for the meeting. Ms. Reeves, Ms. Malane and Ms. Dunnington were present. Petitioner was advised defendant knew she requested FMLA for the reason(s) of maternity/adoption. Defendant further advised, given her request for FMLA for maternity/adoption purposes, Petitioner was fired immediately.

19.

Defendant failed to have in full force and effect an effective policy regarding gender and pregnancy-based discrimination/harassment and FMLA. Defendant failed and/or refused to take any action to prevent the gender and pregnancy-based discrimination/harassment from occurring.

20.

All conditions prerequisite to filing suit under Title VII have been met and complied with. On June 5, 2021, Petitioner timely filed her Charge(s) of Discrimination with the EEOC and LCHR. Petitioner received the attached Notice of Right to Sue, dated July 20, 2021,

21.

Petitioner contends the actions/inactions of defendant set forth herein constituted illegal gender/pregnancy-based discrimination/harassment in violation of Title VII, 42 USC § 2000e *et seq.*, for which Petitioner sues for herein.

22.

The actions/inactions of defendant, including firing Petitioner because she exercised and/or attempted to exercise her rights under the FMLA, constituted unreasonable interference and retaliation in violation of Petitioner's rights under 29 USC §2615(a)(1) and (2), for which Petitioner for sues herein.

23.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, humiliation and embarrassment, severe and extreme emotional distress, mental anguish, past and future lost wages and benefits, past and future medical/psychological

expenses, loss of earning capacity, physical injuries, and all such other damages as will be more fully shown at trial and for which Petitioner specifically sues herein.

24.

Petitioner is entitled to and desires an award of attorney fees pursuant to Title VII, 42 USC §2000e-5(k) *et seq*, and FMLA, 29 USCS §2601, *et seq,* together with an award of all litigation expenses, all costs of these proceedings, and legal interest thereon from the date of judicial demand until paid.

25.

Petitioner shows defendant's actions/inactions were in bad faith and no reasonable grounds exist for defendant to believe its actions/inactions were not in violation of the FMLA. Therefore, Petitioner is entitled to and desires an award of liquidated damages against defendant pursuant to the FMLA, 29 USCS §2601, *et seq*.

26.

Petitioner shows defendant acted with malice and/or reckless indifference to her right to be protected rights under Title VII and to be free from sex/pregnancy-based discrimination and harassment. Therefore, Petitioner is entitled to and desires an award of punitive damages pursuant to 42 USC § 1981a.

27.

Petitioner is entitled to and desires an award of all such relief to which she is entitled at law or in equity.

28.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Crystal Willett, prays for trial by jury and after due proceedings are had that there be judgment herein in her favor and against defendant, Woman's Hospital Foundation, for all sums as are reasonable under the premises, punitive damages as allowed by law, liquidated damages as allowed by law, attorney fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief which she is entitled at law or in equity.

Respectfully submitted,

By: _____
Jill L. Craft, T.A., La. Bar Roll No. 20922
W. Brett Conrad, Jr., La. Bar Roll No. 37639
Kaitlin A. Wall, La. Bar Roll No. 39462
Jill L. Craft, Attorney at Law, LLC
329 St. Ferdinand Street
Baton Rouge, Louisiana 70802
(225) 663-2612

**Please Serve:**

Woman's Hospital Foundation
Through its agent for service of process
Patrick Seiter
100 Woman's Way
Baton Rouge, Louisiana 70817

RETURN COPY



D7256076

# CITATION

**CRYSTAL WILLETT**
(Plaintiff)

VS

**WOMAN'S HOSPITAL FOUNDATION**
(Defendant)

NUMBER C-710758   SEC. 26

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   WOMAN'S HOSPITAL FOUNDATION
      THROUGH ITS AGENT FOR SERVICE OF PROCESS: PATRICK SEITER
      100 WOMAN'S WAY
      BATON ROUGE, LA 70817

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.
You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
This citation was issued by the Clerk of Court for East Baton Rouge Parish on **AUGUST 17, 2021**.

*Megan Gullett*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: CRAFT, JILL L.**
**(225) 663-2612**

*The following documents are attached:
**PETITION, VERIFICATION**

**PERSONAL**                            **SERVICE INFORMATION:**

Received on the 23rd day of AUG., 2021 and on the 24th day of AUG., 20 21, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at 100 WOMANS WAY / CRYSTAL CROCHET - EXEC. ASST. / 9:17 A.M

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this 24th day of AUG., 20 21.

SERVICE: $_____
MILEAGE $_____
TOTAL:   $_____

K. BODIN 0513
Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

RECEIVED
AUG 20 2021
SHERIFF'S OFFICE

**RETURN COPY**



D7256076

# CITATION

**CRYSTAL WILLETT**
(Plaintiff)

**VS**

**WOMAN'S HOSPITAL FOUNDATION**
(Defendant)

NUMBER C-710758   SEC. 26

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**TO:   WOMAN'S HOSPITAL FOUNDATION**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS: PATRICK SEITER**
**100 WOMAN'S WAY**
**BATON ROUGE, LA 70817**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.
You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
This citation was issued by the Clerk of Court for East Baton Rouge Parish on **AUGUST 17, 2021.**

*Megan Gullett*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: CRAFT, JILL L.**
**(225) 663-2612**

*The following documents are attached:
**PETITION, VERIFICATION**

**PERSONAL**    SERVICE INFORMATION:

Received on the 23rd day of AUG., 2021 and on the 24th day of AUG., 20 21, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at 100 WOMANS WAY / CRYSTAL CROCHET - EXEC. ASST. / 9:17 A.M

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this 24th day of AUG., 20 21.

SERVICE: $_____
MILEAGE $_____
TOTAL:  $_____

K. BODIN 0513
Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

RECEIVED
AUG 20 2021
SHERIFF'S OFFICE

**RETURN COPY**



D7256076

# CITATION

**CRYSTAL WILLETT**
(Plaintiff)

VS

**WOMAN'S HOSPITAL FOUNDATION**
(Defendant)

NUMBER C-710758   SEC. 26

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**TO: WOMAN'S HOSPITAL FOUNDATION**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS: PATRICK SEITER**
**100 WOMAN'S WAY**
**BATON ROUGE, LA 70817**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **AUGUST 17, 2021.**

*Megan Gullett*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: CRAFT, JILL L.**
**(225) 663-2612**

*The following documents are attached:
**PETITION, VERIFICATION**

**PERSONAL**                    SERVICE INFORMATION:

Received on the 23rd day of AUG., 2021 and on the 24th day of AUG., 20 21, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at 100 WOMANS WAY / CRYSTAL CROCHET - EXEC. ASST. / 9:17 A.M

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this 24th day of AUG., 20 21.

SERVICE: $_____
MILEAGE $_____
TOTAL:   $_____

K. BODIN 0513
Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

RECEIVED
AUG 20 2021
SHERIFF'S OFFICE